1  James M. Dore
2  Ca Bar #343860
3  Justicia Laboral LLC
4  6232 N. Pulaski, #300
5  Chicago, IL 60646
6  Phone: 773-415-4898
7  jdore@justicialaboral.com
8

9          **UNITED STATES DISTRICT COURT**
10        **NORTHERN DISTRICT OF CALIFORNIA**
11

12

| | |
|---|---|
| GERONIMO PIEDRA GOMEZ AND ERICK MILLAN ROJAS<br><br>          Plaintiffs,<br><br>vs.<br><br>EXTREME EXTERIORS, INC., DAVID TALPES AND ALINA TALPES,<br><br>          Defendants | Case No.:<br><br>COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR VIOLATIONS OF (1)(7) THE FAIR LABOR STANDARDS ACT (FSLA); (2)(3)(5)(6)(8)(9)(10)(11) OF THE CALIFORNIA LABOR CODE<br><br>DEMAND FOR JURY TRIAL |

13
14

15        Plaintiffs, Geronimo Piedra Gomez ("Plaintiff" or "'Geronimo Piedra") and Erick Millan

16  Rojas ("Plaintiff" or "Erick Millan"), collectively ("Plaintiffs"), by and through their attorneys,

17  James M. Dore, complain against Extreme Exteriors, Inc. ("Defendant" or "Extreme Exteriors"),

18  David Talpes ("Defendant"or "David Talpes") and Alina Talpes ("Defendant"or "Alina

19  Talpes").  Extreme Exteriors, David Talpes and Alina Talpes may collectively be referred to as

20  ("Defendants"). In support of this Complaint, Plaintiffs state:

21                    **INTRODUCTION**

1

1.    This is an action for relief from Defendants' violations of Plaintiffs Geronimo Piedra Gomez and Erick Millan Rojas' workplace rights.  Defendants violated both federal and state wage and hour laws, against Plaintiffs.

2.    This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

3.    This action is brought by Plaintiffs to secure declaratory relief and damages to remedy Defendants' violations of federal, state, and local employment laws by failing to adequately compensate Plaintiff for the hours he worked, and to secure declaratory, compensatory, and punitive damages under federal and state employment laws.

## PARTIES

4.    Plaintiff Geronimo Piedra Gomez is a resident of Niceville, Florida; and he was employed by Defendants.

5.    Extreme Exteriors, Inc. is a business that is located and headquartered in Flowery Branch, Georgia, and conducts business in Marina, California.

6.    David Talpes is the owner and Manager of Extreme Exteriors, Inc., and he is in charge of its employees.  On information and belief, David Talpes is a resident of Flowery Branch, Georgia.

7.    Alina Talpes is a manager of Extreme Exteriors, Inc., and she is in charge of its employees. On information and belief, Alina Talpes is a resident of Flowery Branch, Georgia.

8.    Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of

45  sales made or business done of at least $500,000; and because they are engaged in interstate
46  commerce or in the production of goods for interstate commerce.

47

48  **JURISDICTION AND VENUE**

49  9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337,
50  and Section 16(b) of the FLSA.

51  10.     This Court has supplemental jurisdiction over the related state law and local
52  ordinance claims pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' claims under the California
53  Labor Code form part of the same case or controversy under Article III of the United States
54  Constitution. Plaintiffs' state law claims share all common operative facts with her/his federal law
55  claims, and the parties are identical. Resolving all state and federal claims in a single action serves
56  the interests of judicial economy, convenience, and fairness to the parties.

57  11.     Pursuant to 28 U.S.C. § 1391(b) and Civil Local Rule 3-2(d), venue is proper in
58  the Northern District of California because Plaintiff was employed in this District, Defendants
59  employed Plaintiff in this District, and the unlawful employment practices alleged herein giving
60  rise to Plaintiffs' claims occurred in this District.

61

62  **FACTS COMMON TO ALL CLAIMS**

63  12.     Defendant Extreme Exteriors, Inc. is an "employer" as that term is defined in
64  Section 203 of the FLSA, because it is a privately owned for-profit entity.

65  13.     David Talpes and Alina Talpes are an "employer" as that term is defined in Section
66  203 of the FLSA, because: (1) they were Plaintiffs' head "boss" at Defendant; (2) they had the
67  power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled

Plaintiffs' work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

**FIRST CLAIM FOR RELIEF**
**Failure to Pay Minimum Wage for Overtime Hours in Violation of FLSA**
**(Geronimo Piedra Gomez v. Defendants)**

14.    Plaintiff reincorporates by reference Paragraphs 1 through 13, as if set forth in full herein for Paragraph 14.

15.    Plaintiff began working at Extreme Exteriors, Inc. in or before November 20, 2021, until July, 2022.

16.    At all times, Plaintiff held the same position with Defendants, he was a laborer. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform general labor duties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

17.    Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

18.    Plaintiff was paid their wages on a(n) weekly basis.

19.    Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

20.    Plaintiff's rate of pay was $20.00 per hour from November 20, 2021, until February 2022; $20.00 per hour on March 2022; $23.00 per hour from April 2022 until June 2022; and $22.00 per hour on July 2022.

21.    Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

22.     Defendants only paid Plaintiff one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

23.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

24.     In addition, Defendants did not pay Plaintiff for 84 hours of work, and 40 hours of travel time, totaling $2,802.00 of unpaid wages.

25.     Plaintiff is entitled to recover unpaid wages and overtime and liquidated damages for up to three (3) years prior to the filing of this lawsuit.  On information and belief, this amount includes: (i) $10,472.00 in unpaid wages and overtime; (ii) liquidated damages of $10,472.00 and (iii) Plaintiff's attorney's fees and costs, to be determined.  A calculation of Plaintiff's damages are attached as Exhibit A.

## SECOND CLAIM FOR RELIEF
### Violation of Cal. Lab. Code 1194 and Wage Order 5 - Failure to Pay Overtime Wages
#### (Geronimo Piedra Gomez v. Defendants)

26.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

27.     California Labor Code Section 1194(a) provides:

(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Further, Wage Order 5, Section 3(A)(1) provides:

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1.5) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary.

28.     Defendants failed to pay the legal overtime compensation applicable to Plaintiff.

29.     Labor Code § 558.1(a) provides for liability for an "other person acting on behalf of an employer[] who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission or [Labor Code]

140 Section[. . . ] 1194."" Labor Code § 558.1(b) provides that an "other person" is "a natural person

141 who is an owner, director, officer, or managing agent" of an employer

142     30.    On information and belief, Defendants violated or caused to be violated the

143 provisions regulating minimum wages or hours and days of work in Wage Order 5 and Labor Code

144 § 1194. Therefore, Defendants are individually liable for these violations.

145     31.    Plaintiff is entitled to recover unpaid wages and overtime, plus interest, for the 3

146 Years Prior to filing of this lawsuit. On information and belief, this amount includes: (i) $10,472.00

147 in unpaid wages and overtime; (ii) interest; and (iii) Plaintiff's attorney's Fees and costs, to be

148 determined. A calculation of plaintiff's damages are attached as Exhibit A.

149
150
151
152
### THIRD CLAIM FOR RELIEF
**Waiting Time Penalties in Violation of the California Labor Code**
**(Geronimo Piedra Gomez v. Defendants)**

153     32.    The allegations of each of the preceding paragraphs are realleged and incorporated

154 herein  by reference.

155     33.    The California Labor Code applied to Plaintiff's employment with Defendants at

156 all times relevant herein.

157     34.    California Labor Code Section 203 provides:

158     "If an employer willfully fails to pay, without abatement or reduction, in

159 accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an

160 employee who is discharged or who quits, the wages of the employee shall continue as a penalty

161 from the due date thereof at the same rate until paid or until an action therefor is commenced; but

162 the wages shall not continue for more than 30 days."

163     35.    Plaintiff's last day of work was in July, 2022.

36.     Defendants willfully failed to pay Plaintiff her wages due after Plaintiff's employment with Defendants terminated.

37.     California Labor Code §§ 201 and 202 mandates that an employer pay its employees all earned wages immediately upon discharge or within 72 hours of the employee's resignation. California Labor Code § 203 authorizes an employee to recover waiting time penalties in an amount equal to the employee's daily wages for up to thirty (30) days if an employer willfully fails to pay any wages earned and due to the employee within the timeframes required by Labor Code §§ 201 and 202.

38.     At all relevant times during his employment, Defendants willfully failed to pay Plaintiff all minimum, overtime, and/or double-time wages due as set forth in the California Labor Code and Wage Order. Defendants willfully failed to pay Plaintiff all wages owed to him immediately upon his discharge, and such earned wages remain unpaid, in violation of the Labor Code. Plaintiff has repeatedly demanded that Defendants pay his owed wages, verbally and in writing.  To date Defendants have willfully and intentionally refused, and continue to refuse, to pay Plaintiff his owed wages in violation of the California Labor Code.

39.     Pursuant to California Labor Code § 203, Plaintiff is entitled to waiting time penalties in an amount equal to thirty (30) days' wages, in the amount of $7,590.00 plus attorneys fees and costs, and interest.  A calculation of plaintiff's damages are attached as Exhibit B.

**FIFTH CLAIM FOR RELIEF**
**Violations of California Labor Code - Failure to Authorize and Permit Paid Rest Periods or Pay Missed Rest Period Premiums - Cal. Labor Code §§ 226.2 and 226.7; IWC Wage Order No. 4-2001 § 12**
**(Geronimo Piedra Gomez v. Defendants)**

40.     Labor Code § 226.2(a)(1) states that "employees shall be compensated for rest and recovery periods…. separate from any piece-rate compensation."

8

41.    Wage Order No. 4-2001 § 12(A) provides:

"Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

42.    California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

43.    As set forth above, during the relevant period, Plaintiff regularly worked more than 10 consecutive hours in a workday.  However, Defendants did not compensate them for their time spent on rest breaks separately and apart from the regular rate, as required under Labor Code § 226.2.

44.    Defendants also regularly failed to authorize and permit Plaintiff to take paid off-duty rest breaks by requiring him to remain available for work at all times during his work day, in violation of Wage Order No. 4-2001 § 12.

45.    As a result of Defendants' policies and practices, Plaintiff was not authorized and permitted to take compliant rest breaks and is entitled to recover one additional hour of pay at the employee's regular rate of compensation for each day and each instance in which Defendants failed to authorize and permit him to take paid rest periods as required under Labor Code § 226.7 and Wage Order No. 4-2001 § 12.

46.    Working 10 hour days, Plaintiff was entitled to 2 rest breaks; which Defendants failed to provide Plaintiff.

47.    Plaintiff is entitled to 1 hour of regular pay, for each of Defendants' violations of California's rest break and meal break laws, for the three years prior to this complaint.  Plaintiff is entitled to $3,588.00 in damages.  A calculation of plaintiff's damages is attached as Exhibit C.

**SIXTH CLAIM FOR RELIEF**
**Failure to Issue Accurate Itemized Wage Statements [Labor Code §§ 226(a), (e); 226.2]**
**(Geronimo Piedra Gomez v. Defendants)**

48.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

49.    During the relevant Period, Defendants failed to provide Plaintiff with accurate itemized wage statements in violation of Labor Code § 226(a) by failing to list on the wage statements (1) gross wages earned, (2) total hours worked, (3) net wages earned, (4) all applicable hourly rate in effect during the pay period, and the corresponding number of hours worked at each hourly rate and (5) all earned rest and meal breaks, in violation of Labor Code §§ 226(a)(1), (2), (5), and (9).

50.    Defendants also failed to itemize the total number of hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period; and the total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period, as required under Labor Code § 226.2.

51.    Plaintiff suffered injury as a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a).

52.    The California Labor Code §§ 226(e)(1) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

53.    As a result of Defendants' knowing and intentional violations of Labor Code § 226(a) described above, Plaintiff is entitled to recover an initial penalty of $50, and subsequent penalties of $100, for each incomplete and/or inaccurate wage statement issued to him, up to an amount not exceeding an aggregate penalty of $4,000 for each Wage Statement, pursuant to Labor Code § 226(e).

**WHEREFORE**, Plaintiff Geronimo Piedra Gomez respectfully requests that the Court enter a judgment in its favor and against Defendants, jointly and severally, for:

1.    A declaratory judgment that Defendants' actions complained of herein have violated Plaintiff's rights under the FLSA and the California Labor Code, including the right to be free from retaliation for the assertion of rights protected by the FLSA and the California Labor Code;

2.    Unpaid minimum wages, unpaid wages at regular hourly rate, overtime premium wages, and other compensation denied or lost to Plaintiff to date by reason of Defendants' unlawful acts, according to proof;

3.    Liquidated damages in an amount equal to overtime wages unlawfully unpaid;

258    4.    Waiting time penalties under Labor Code § 203 for failure to pay wages due upon

259    separation, according to proof;

260    5.    General, compensatory, and special damages according to proof;

261    6.    Exemplary and punitive damages according to proof; and

262    7.    Interest accrued on Plaintiff's damages, including pre- and post-judgment interest,

263    and an upward adjustment for inflation, under Labor Code § 218.6;

264    8.    Reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216 (b), Labor

265    Code § 1194 (a), Cal. Code of Civ. Proc. § 1021.5, and other laws;

266    9.    Such other and further relief as this Court deems just and proper.

267    **SEVENTH CLAIM FOR RELIEF**
268    **Failure to Pay Minimum Wage for Overtime Hours in Violation of FLSA**
269    **(Erick Millan Rojas v. Defendants)**
270

271    54.    Plaintiff reincorporates by reference Paragraphs 1 through 13, as if set forth in full

272    herein for Paragraph 54.

273    55.    Plaintiff began working at Extreme Exteriors, Inc.  in or before December 1, 2021

274    until July, 2022.

275    56.    At all times, Plaintiff held the same position with Defendants, he was a laborer.

276    Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because

277    he was employed by Defendants to perform general labor duties, and they do not fall into any of

278    the exceptions or exemptions for workers under the FLSA.

279    57.    Although schedules are subject to change, Plaintiff's general schedule with

280    Defendants required Plaintiff to work on average 65 hours per week.

281    58.    Plaintiff was paid their wages on a(n) weekly basis.

59. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

60. Plaintiff's rate of pay was $18.00 per hour.

61. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

62. Defendants only paid Plaintiff one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

63. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

64. In addition, Defendants did not pay Plaintiff for 84 hours of work, and 85.50 hours of travel time, totaling $3,051.00 of unpaid wages.

65. Plaintiff is entitled to recover unpaid wages and overtime and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $10,701.00 in unpaid wages and overtime; (ii) liquidated damages of $10,701.00 and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit D.

### EIGHTH  CLAIM FOR RELIEF
**Violation of Cal. Lab. Code 1194 and Wage Order 5 - Failure to Pay Overtime Wages**
**(Erick Millan Rojas v. Defendants)**

66. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

67. California Labor Code Section 1194(a) provides:

(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Further, Wage Order 5, Section 3(A)(1) provides:

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.   Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1.5) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary.

68.    Defendants failed to pay the legal overtime compensation applicable to Plaintiff.

69.    Labor Code § 558.1(a) provides for liability for an "other person acting on behalf of an employer[] who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission or [Labor Code] Section[. . . ] 1194."" Labor Code § 558.1(b) provides that an "other person" is "a natural person who is an owner, director, officer, or managing agent" of an employer

70.    On information and belief, Defendants violated or caused to be violated the provisions regulating minimum wages or hours and days of work in Wage Order 5 and Labor Code § 1194. Therefore, Defendants are individually liable for these violations.

71.    Plaintiff is entitled to recover unpaid wages and overtime, plus interest, for the 3 Years Prior to filing of this lawsuit. On information and belief, this amount includes: (i) $10,701.00 in unpaid wages and overtime; (ii) interest; and (iii) Plaintiff's attorney's Fees and costs, to be determined. A calculation of plaintiff's damages is attached as Exhibit D.

**NINTH CLAIM FOR RELIEF**
**Waiting Time Penalties in Violation of the California Labor Code**
**(Erick Millan Rojas v. Defendants)**

72.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

73.    The California Labor Code applied to Plaintiff's employment with Defendants at all times relevant herein.

15

74.    California Labor Code Section 203 provides:

"If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

75.    Plaintiff's last day of work was in July, 2022.

76.    Defendants willfully failed to pay Plaintiff her wages due after Plaintiff's employment with Defendants terminated.

77.    California Labor Code §§ 201 and 202 mandates that an employer pay its employees all earned wages immediately upon discharge or within 72 hours of the employee's resignation. California Labor Code § 203 authorizes an employee to recover waiting time penalties in an amount equal to the employee's daily wages for up to thirty (30) days if an employer willfully fails to pay any wages earned and due to the employee within the timeframes required by Labor Code §§ 201 and 202.

78.    At all relevant times during his employment, Defendants willfully failed to pay Plaintiff all minimum, overtime, and/or double-time wages due as set forth in the California Labor Code and Wage Order. Defendants willfully failed to pay Plaintiff all wages owed to him immediately upon his discharge, and such earned wages remain unpaid, in violation of the Labor Code. Plaintiff has repeatedly demanded that Defendants pay his owed wages, verbally and in writing. To date Defendants have willfully and intentionally refused, and continue to refuse, to pay Plaintiff his owed wages in violation of the California Labor Code.

374    79.    Pursuant to California Labor Code § 203, Plaintiff is entitled to waiting time

375    penalties in an amount equal to thirty (30) days' wages, in the amount of $5,940.00 plus attorneys

376    fees and costs, and interest.  A calculation of plaintiff's damages are attached as Exhibit E.

377    **TENTH CLAIM FOR RELIEF**
378    **Violations of California Labor Code - Failure to Authorize and Permit Paid Rest Periods**
379    **or Pay Missed Rest Period Premiums - Cal. Labor Code §§ 226.2 and 226.7; IWC Wage**
380    **Order No. 4-2001 § 12**
381    **(Erick Millan Rojas v. Defendants)**
382

383    80.    Labor Code § 226.2(a)(1) states that "employees shall be compensated for rest and

384    recover periods…. separate from any piece-rate compensation."

385    81.    Wage Order No. 4-2001 § 12(A) provides:

386    "Every employer shall authorize and permit all employees to take rest periods,

387    which insofar as practicable shall be in the middle of each work period. The authorized rest period

388    time shall be based on the total hours worked daily at the rate of ten minutes net rest time per four

389    hours or major fraction thereof. However, a rest period need not be authorized for employees

390    whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period

391    time shall be counted as hours worked for which there shall be no deduction from wages."

392    82.    California Labor Code § 226.7(a) provides, "No employer shall require any

393    employee to work during any meal or rest period mandated by an applicable order of the Industrial

394    Welfare Commission."

395    83.    As set forth above, during the relevant period, Plaintiff regularly worked more than

396    10 consecutive hours in a workday.  However, Defendants did not compensate them for their time

397    spent on rest breaks separately and apart from the regular rate, as required under Labor Code §

398    226.2.

84.     Defendants also regularly failed to authorize and permit Plaintiff to take paid off-duty rest breaks by requiring him to remain available for work at all times during his work day, in violation of Wage Order No. 4-2001 § 12.

85.     As a result of Defendants' policies and practices, Plaintiff was not authorized and permitted to take compliant rest breaks and is entitled to recover one additional hour of pay at the employee's regular rate of compensation for each day and each instance in which Defendants failed to authorize and permit him to take paid rest periods as required under Labor Code § 226.7 and Wage Order No. 4-2001 § 12.

86.     Working 10 hour days, Plaintiff was entitled to 2 rest breaks; which Defendants failed to provide Plaintiff.

87.     Plaintiff is entitled to 1 hour of regular pay, for each of Defendants' violations of California's rest break and meal break laws, for the three years prior to this complaint.  Plaintiff is entitled to $2,808.00 in damages.  A calculation of plaintiff's damages is attached as Exhibit F.

**ELEVENTH CLAIM FOR RELIEF**
**Failure to Issue Accurate Itemized Wage Statements [Labor Code §§ 226(a), (e); 226.2]**
**(Erick Millan Rojas v. Defendants)**

88.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

89.     During the relevant Period, Defendants failed to provide Plaintiff with accurate itemized wage statements in violation of Labor Code § 226(a) by failing to list on the wage statements (1) gross wages earned, (2) total hours worked, (3) net wages earned, (4) all applicable hourly rate in effect during the pay period, and the corresponding number of hours worked at each hourly rate and (5) all earned rest and meal breaks, in violation of Labor Code §§ 226(a)(1), (2), (5), and (9).

90.    Defendants also failed to itemize the total number of hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period; and the total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period, as required under Labor Code § 226.2.

91.    Plaintiff suffered injury as a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a).

92.    The California Labor Code §§ 226(e)(1) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

93.    As a result of Defendants' knowing and intentional violations of Labor Code § 226(a) described above, Plaintiff is entitled to recover an initial penalty of $50, and subsequent penalties of $100, for each incomplete and/or inaccurate wage statement issued to him, up to an amount not exceeding an aggregate penalty of $4,000 for each Wage Statement, pursuant to Labor Code § 226(e).

**WHEREFORE**, Plaintiff Erick Millan Rojas respectfully requests that the Court enter a judgment in its favor and against Defendants, jointly and severally,  for:

1.    A declaratory judgment that Defendants' actions complained of herein have violated Plaintiff's rights under the FLSA and the California Labor Code, including the right to be

free from retaliation for the assertion of rights protected by the FLSA and the California Labor Code;

2.    Unpaid minimum wages, unpaid wages at regular hourly rate, overtime premium wages, and other compensation denied or lost to Plaintiff to date by reason of Defendants' unlawful acts, according to proof;

3.    Liquidated damages in an amount equal to overtime wages unlawfully unpaid;

4.    Waiting time penalties under Labor Code § 203 for failure to pay wages due upon separation, according to proof;

5.    General, compensatory, and special damages according to proof;

6.    Exemplary and punitive damages according to proof; and

7.    Interest accrued on Plaintiff's damages, including pre- and post-judgment interest, and an upward adjustment for inflation, under Labor Code § 218.6;

8.    Reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216 (b), Labor Code § 1194 (a), Cal. Code of Civ. Proc. § 1021.5, and other laws;

9.    Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil Procedure.

/s/James M. Dore
By Their Attorney

James M. Dore
California Bar #343860
Justicia Laboral LLC
6232 N. Pulaski, #300
Chicago, IL 60646
Phone: 773-415-4898
jdore@justicialaboral.com

EXHIBIT A Geronimo Piedra Gomez

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | MW/Hr. | Unpaid MW | Unpaid OT | FLSA Liquidated |
|---|---|---|---|---|---|---|---|
| 11/21/2021 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 11/28/2021 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 12/5/2021 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 12/12/2021 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 12/19/2021 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 12/26/2021 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 1/2/2022 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 1/9/2022 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 1/16/2022 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 1/23/2022 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 1/30/2022 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 2/6/2022 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 2/13/2022 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 2/20/2022 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 2/27/2022 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 3/6/2022 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 3/13/2022 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 3/20/2022 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 3/27/2022 | 60 | 20 | $20.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 4/3/2022 | 60 | 20 | $23.00 | $0.00 | $0.00 | $230.00 | $230.00 |
| 4/10/2022 | 60 | 20 | $23.00 | $0.00 | $0.00 | $230.00 | $230.00 |
| 4/17/2022 | 60 | 20 | $23.00 | $0.00 | $0.00 | $230.00 | $230.00 |
| 4/24/2022 | 60 | 20 | $23.00 | $0.00 | $0.00 | $230.00 | $230.00 |
| 5/1/2022 | 60 | 20 | $23.00 | $0.00 | $0.00 | $230.00 | $230.00 |
| 5/8/2022 | 60 | 20 | $23.00 | $0.00 | $0.00 | $230.00 | $230.00 |
| 5/15/2022 | 60 | 20 | $23.00 | $0.00 | $0.00 | $230.00 | $230.00 |
| 5/22/2022 | 60 | 20 | $23.00 | $0.00 | $0.00 | $230.00 | $230.00 |
| 5/29/2022 | 60 | 20 | $23.00 | $0.00 | $0.00 | $230.00 | $230.00 |
| 6/5/2022 | 60 | 20 | $23.00 | $0.00 | $0.00 | $230.00 | $230.00 |
| 6/12/2022 | 60 | 20 | $23.00 | $0.00 | $0.00 | $230.00 | $230.00 |
| 6/19/2022 | 60 | 20 | $23.00 | $0.00 | $0.00 | $230.00 | $230.00 |
| 6/26/2022 | 60 | 20 | $23.00 | $0.00 | $0.00 | $230.00 | $230.00 |
| 7/3/2022 | 60 | 20 | $22.00 | $0.00 | $0.00 | $220.00 | $220.00 |
| 7/10/2022 | 60 | 20 | $22.00 | $0.00 | $0.00 | $220.00 | $220.00 |
| 7/17/2022 | 60 | 20 | $22.00 | $0.00 | $0.00 | $220.00 | $220.00 |
| 7/24/2022 | 60 | 20 | $22.00 | $0.00 | $0.00 | $220.00 | $220.00 |
| TOTALS: | | | | | | $7,670.00 | $7,670.00 |

Unpaid wages   84 hours=34 @ $23.00 = $782.00 + 50 @ $22.00=$1,100.00=Total unpaid hours=$1,882.00
Travel time    40 hours @ $23.00 = $920.00
Total Unpaid wages=$1,882.00 + $920.00 = $2,802.00

EXHIBIT B-Geronimo Piedra Gomez

Waiting time Calculations:       10 hours per day worked=       8 hours @ $23.00 per hour = $184.00
                                                                 2 hours @ $34.50 per hour OT = $69.00
                                                                 _____
                                                                 $253.00

Waiting time penalty= 30 days @ $253.00 per day = $7,590.00

EXHIBIT C - Geronimo Piedra Gomez

Meal & Break Law Calculations:    2 hours per day X 6 days=12 hours per week in penalties

12 hours per week X $23.00 per hour= $276.00 penalties per week

| Week | Meal & Break penalty per week |
|------|-------------------------------|
| 4/3/2022 | $276.00 |
| 4/10/2022 | $276.00 |
| 4/17/2022 | $276.00 |
| 4/24/2022 | $276.00 |
| 5/1/2022 | $276.00 |
| 5/8/2022 | $276.00 |
| 5/15/2022 | $276.00 |
| 5/22/2022 | $276.00 |
| 5/29/2022 | $276.00 |
| 6/5/2022 | $276.00 |
| 6/12/2022 | $276.00 |
| 6/19/2022 | $276.00 |
| 6/26/2022 | $276.00 |
| TOTALS: | $3,588.00 |

EXHIBIT D Erick Millan Rojas

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | MW/Hr. | Unpaid MW | Unpaid OT | FLSA Liquidated |
|------|--------------|---------------|-----------|--------|-----------|-----------|-----------------|
| 12/5/2021 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 12/12/2021 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 12/19/2021 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 12/26/2021 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 1/2/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 1/9/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 1/16/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 1/23/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 1/30/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 2/6/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 2/13/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 2/20/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 2/27/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 3/6/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 3/13/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 3/20/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 3/27/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 4/3/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 4/10/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 4/17/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 4/24/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 5/1/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 5/8/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 5/15/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 5/22/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 5/29/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 6/5/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 6/12/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 6/19/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 6/26/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 7/3/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 7/10/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 7/17/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| 7/24/2022 | 65 | 25 | $18.00 | $0.00 | $0.00 | $225.00 | $225.00 |
| **TOTALS:** | | | | | | $7,650.00 | $7,650.00 |

Unpaid wages= 84 hours worked @$18.00=$1,512.00 + 85.50 travel hours @$18.00=$1,539.00
 Total unpaid hours=$3,051.00

EXHIBIT E-Erick Millan Rojas

Waiting time Calculations:     10 hours per day worked=     8 hours @ $18.00 per hour = $144.00

2 hours @ $27.00 per hour OT = $54.00

$198.00

Waiting time penalty= 30 days @ $198.00 per day = $5,940.00

EXHIBIT C - Geronimo Piedra Gomez

Meal & Break Law Calculations:     2 hours per day X 6 days=12 hours per week in penalties

12 hours per week X $18.00 per hour= $216.00 penalties per week

| Week | Meal & Break penalty per week |
|------|-------------------------------|
| 4/3/2022 | $216.00 |
| 4/10/2022 | $216.00 |
| 4/17/2022 | $216.00 |
| 4/24/2022 | $216.00 |
| 5/1/2022 | $216.00 |
| 5/8/2022 | $216.00 |
| 5/15/2022 | $216.00 |
| 5/22/2022 | $216.00 |
| 5/29/2022 | $216.00 |
| 6/5/2022 | $216.00 |
| 6/12/2022 | $216.00 |
| 6/19/2022 | $216.00 |
| 6/26/2022 | $216.00 |
| TOTALS: | $2,808.00 |