1
2
3
4
5
6
7
8
9
10
11
12

United States District Court
Northern District of California

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERONIMO PIEDRA GOMEZ, et al.,

Plaintiffs,

v.

EXTREME EXTERIORS, INC., et al.,

Defendants.

Case No.  23-cv-00439-JSC

**ORDER RE: MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF GOMEZ**

Re: Dkt. No. 27

James Dore (Counsel) seeks leave to withdraw as counsel for Plaintiff Geronimo Piedra Gomez.  (Dkt. No. 27 at 1.)[1]  Plaintiff Gomez has not responded to Counsel's motion, and the time for him to do so has expired.  After carefully considering Counsel's motion, the Court concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion as explained below.

**DISCUSSION**

Counsel seeks to withdraw from representation of Plaintiff Gomez because Counsel and his firm have been unable to communicate with Plaintiff Gomez regarding the matter despite repeated attempts via phone, text, and email.  (Dkt. No. 27 ¶ 2.)

In the Northern District of California, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case."  Civ. L. R. 11-5(a); *Dist. Council 16 N. California Health & Welfare Tr. Fund v. Lambard Enterprises, Inc.*, No. C 09-05189 SBA, 2010 WL 3339446, at *1 (N.D. Cal. Aug. 24, 2010) ("The Court's Civil Local Rules authorize an

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    attorney to withdraw as counsel of record so long as he or she (1) provides written notice to the

2    client and all other parties in the action and (2) obtains leave of the court.")  Further, "when

3    withdrawal by an attorney from an action is not accompanied by simultaneous appearance of

4    substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to

5    the condition that papers may continue to be served on counsel for forwarding purposes, unless

6    and until the client appears by other counsel or pro se."  Civ. L. R. 11-5(b).

7         The decision to permit withdrawal of counsel is within the trial court's discretion.  *See*

8    *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Est.,*

9    *Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982) ("The grant or denial of an attorney's motion to

10   withdraw in a civil case is a matter addressed to the discretion of the trial court and will be

11   reversed on appeal only when the trial court has abused its discretion.").  Among other things,

12   courts ruling on motions to withdraw have considered the reasons counsel seeks to withdraw, the

13   possible prejudice withdrawal may cause other litigants, the harm withdrawal may cause to the

14   administration of justice, and the extent to which withdrawal will delay resolution of the case.

15   *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal.

16   Sept. 15, 2010).  Courts in this district also consider the standards of professional conduct required

17   of members of the State Bar of California.  *U.A. Loc. 342 Joint Lab.-Mgmt. Comm. v. S. City*

18   *Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010) ("In

19   this district, courts look to the standards of professional conduct required of members of the State

20   Bar of California in determining whether counsel may withdraw representation.").

21        California Rule of Professional Conduct 1.16(b)(4) permits withdrawal of representation if

22   a client "renders it unreasonably difficult for the lawyer to carry out the representation

23   effectively."  However, counsel may only withdraw if they have "taken reasonable steps to avoid

24   reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient

25   notice to permit the client to retain other counsel."  Cal. R. Prof. Conduct 1.16(d).

26        Good cause exists for Counsel's withdrawal from representation of Plaintiff Gomez.

27   Counsel attests he has been unable to communicate with Plaintiff Gomez, despite repeated

28   attempts to do so.  (Dkt. No. 27 ¶ 2.)  Plaintiff Gomez's failure to maintain contact with his

1    counsel constitutes good cause for withdrawal. *U.A. Loc. 342 Joint Lab.-Mgmt. Comm.*, 2010 WL

2    1293522 at *3. Counsel has complied with the California Rules of Professional Conduct by

3    mailing a copy of his motion to withdraw to Plaintiff Gomez's last known address. (*Id*. at ¶ 6.)

4    As for the prejudice to other litigants if counsel is allowed to withdraw, Counsel maintains he will

5    continue his representation of Plaintiff Erick Millan Rojas. (Dkt. No. 27 ¶ 4.) This litigation may

6    proceed without Plaintiff Gomez's cooperation. Accordingly, withdrawal will neither impede the

7    administration of justice nor delay resolution of this case.

8         Because Counsel's motion was not accompanied by the simultaneous appearance of

9    substitute counsel for Plaintiff Gomez or Plaintiff Gomez's agreement to represent himself,

10    Counsel shall continue to be served for forwarding purposes unless and until Plaintiff Gomez

11    appears by other counsel or representing himself. *See* Civ. L. R. 11-5(b). Counsel shall provide

12    notice to Plaintiff Gomez of this Order and his obligation to accept service on Plaintiff Gomez's

13    behalf and shall file proof of service of the same within three days of this Order. *Id*.

14    **CONCLUSION**

15         Counsel's motion to withdraw as counsel for Plaintiff Gomez is GRANTED.

16         Plaintiff Gomez is advised he may contact the Legal Help Center, 450 Golden Gate

17    Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-8982, for free assistance regarding his

18    claims.

19         This Order disposes of Docket No. 27.

20         **IT IS SO ORDERED.**

21    Dated: September 18, 2023

22

23                               _____

24                               JACQUELINE SCOTT CORLEY
                                     United States District Judge

25

26

27

28

3