UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERONIMO PIEDRA GOMEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EXTREME EXTERIORS, INC., et al., <br><br> Defendants. | Case No. 23-cv-00439-JSC <br><br> **ORDER DISMISSING PLAINTIFF GOMEZ'S CLAIMS FOR LACK OF PROSECUTION** |

Plaintiff Geronimo Gomez filed this action seeking redress for Defendants' alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (Dkt. No. 1.)[1] By Order filed September 18, 2023, the Court granted attorney James Dore's motion to withdraw as counsel for Plaintiff Geronimo Gomez based on Mr. Dore's representation he had lost contact with Plaintiff Gomez despite repeated attempts to reach him by mail, telephone and email. (Dkt. No. 28.) By Order filed October 24, 2023, the Court instructed Plaintiff Geronimo Gomez to show cause by November 7, 2023, why his case should not be dismissed for lack of prosecution. (Dkt. No. 32.) The Court warned Plaintiff Gomez failure to file such a writing with the Court by November 7, 2023, would result in a dismissal of his claims with prejudice. (*Id*.) Plaintiff Gomez failed to submit a writing to the Court stating his intent to prosecute his claims and has not otherwise communicated with the Court.

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing a court may sua sponte dismiss

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

claims pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (cleaned up) *overruled on other grounds by Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020). The Court weighs the following factors in determining whether a Rule 41(b) dismissal is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal. . .or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (cleaned up).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). Plaintiff Gomez's failure to respond to the Court's orders has delayed adjudication of this action. Noncompliance with the Court's orders wastes valuable time the Court otherwise could have devoted to other matters. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As to the third factor, "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999). However, the risk of prejudice to defendants strongly supports dismissal where plaintiffs offer no excuse or "a very poor reason" for noncompliance. *Id*. at 991-92. Here, Plaintiff Gomez has entirely failed to justify his noncompliance or respond to the Court's order to show cause. The unjustified delay caused by Plaintiff Gomez's failure to prosecute his claims despite the Court's orders weighs in favor of dismissal.

The fourth factor is the availability of less drastic sanctions. The Court already cautioned Plaintiff Gomez failure to respond would result in dismissal of his claims. (Dkt. No. 32.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v.*

2

*Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdik*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement.'"). Further, given his absence, no other sanctions are available. The fourth factor thus weighs in favor of dismissal.

The last factor, which favors disposition on the merits, by definition weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing Plaintiff Gomez's claims. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). Accordingly, the Court DISMISSES Plaintiff Gomez's claims for failure to prosecute and comply with the Court's October 24 Order.

**IT IS SO ORDERED.**

Dated: December 4, 2023

JACQUELINE SCOTT CORLEY
United States District Judge